JjWIilT GRANTED AND MADE PEREMPTORY; REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

The state seeks review of the trial court’s granting of the defendant’s motion to suppress blood evidence seized pursuant to a warrant. The trial judge excluded the blood sample evidence based on his finding that there was not strict compliance with the statutory law on collecting blood samples, i.e., the probable cause affidavit contained the name of an individual other than the defendant, the person collecting the sample was not a phlebotomist and the defendant was not afforded his right to refuse the collection of the sample as provided in La. R.S. 32:661. For the following reasons, the trial court’s ruling excluding blood evidence seized from the defendant pursuant to a warrant is hereby reversed. The matter is remanded to the trial court for further proceedings.
The blood sample taken from the defendant was withdrawn pursuant to a warrant issued based on a probable cause affidavit. The affidavit submitted in support of the warrant application inadvertently contained in several places the name of an individual not associated with the case. The attesting officer utilized a template to generate the affidavit and failed to change the name of the accused to |2the defendant’s name in several places. The affidavit, however, also contained the name, date of birth and address of the defendant, sufficiently describing the defendant as the person from whom evidence was being sought. In addition, the search warrant contained only the name of the defendant. Since it is apparent from the four corners of the affidavit that the defendant was the individual from whom the evidence was to be seized, the mistaken references to the other individual are not fatal to the affidavit.
Next, the trial court erred in determining that Captain David May, a certified emergency medical technician, was not qualified to withdraw the blood sample from the defendant. In 2007, prior to the commission of the instant offense, La. R.S. 32:664 was amended to expand the list of persons qualified to withdraw blood for the purposes of determining alcohol content or presence of a controlled dangerous substance to include emergency medical technicians. Captain May, therefore, was qualified in accordance with La. R.S. 32:664, to withdraw blood evidence.
Finally, the defendant was required to submit to giving a blood sample because this search was made pursuant to a valid search warrant. A judge may issue a search warrant authorizing the search of a person for bodily samples to obtain deoxy-ribonucleic acid (DNA) or other bodily samples. La. C. Cr. P. art. 163.1. The right to refuse chemical testing under La. R.S. 32:661, and circumvent the implied consent created by La. R.S. 32:666(A)(2), does not supercede a validly obtained search warrant for bodily fluids under art. 163.1. When the extraction of blood from an individual for alcohol testing without *317 the actual consent of the individual is done with probable cause and in a reasonable manner, there is no violation of constitutional guarantees of due process and against self-incrimination and unreasonable search and seizure. State v. Graham, 278 So.2d 78 (La.1973). Here, the judge found that probable cause existed justifying the issuance of the search warrant to obtain the blood sample from the defendant for alcohol testing. The defendant cannot refuse to submit to the valid search warrant.
Based on these findings, the writ of supervisory review is granted. The trial court’s ruling excluding the blood kit and result of the analysis is hereby reversed. The matter is remanded to the trial court for further proceedings.